UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH EARL SMITH, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-01282-MTS |
| ) | |
| AARON J. WESLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court finds that removing Defendant Sassy Trucking, LLC has failed to establish the Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). Plaintiff asserts the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Doc. [1] ¶ 7. In order for this Court to have diversity jurisdiction over this case under § 1332(a)(1), besides the amount in controversy needing to exceed $75,000, all plaintiffs must be completely diverse from all defendants in such a way that no plaintiff is a citizen of any state of which any defendant is a citizen. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003).

Here, Defendant Sassy Trucking, LLC's allegations fail to establish complete diversity of citizenship because Defendant fails to provide facts about its members. *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding that an LLC's citizenship, for diversity jurisdiction purposes, is the citizenship

of all its members). Rather than providing factual allegations about its members and their citizenship, Defendant states only that "[n]o member" is "a resident of Missouri." Doc. [1] ¶ 9. That does not suffice. *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, 4:15-cv-1541-CAS, 2015 WL 5920663, at *2 (E.D. Mo. Oct. 9, 2015) (finding the allegation that none of an LLC's members were citizens of the opposing-party's state of citizenship was "insufficient"); *see also Gunapt Dev., L.L.C. v. Peine Lakes, L.P.*, 4:20-cv-01778-MTS, 2021 WL 3737273, at *1 (E.D. Mo. Aug. 24, 2021) (explaining it is not enough to establish diversity of citizenship by alleging that a plaintiff is "a citizen of a state or states other than" the states of which defendant is a citizen); *Scottsdale Ins. Co. v. Consumer L. Prot., LLC*, 1:23-cv-00101-MTS, 2023 WL 5672175, at *1 (E.D. Mo. Sept. 1, 2023) (finding allegation that LLC's members were "citizens of Missouri" and "not citizens of Ohio or Arizona" did not suffice where plaintiff failed to identify the members of the LLC).[1]

If Defendant Sassy Trucking, LLC can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to fix the jurisdictional defect the Court has identified herein. *See* 28 U.S.C. § 1653; *see also City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013) (discussing the circumstances under which a party may amend a notice of removal). Failure to do so will result in the

---

[1] Defendant's allegation that "[n]o member of the LLC <u>is</u> a <u>resident</u> of Missouri," Doc. [1] ¶ 9 (emphasis added), has other issues. *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) (noting that the term "citizen" in 28 U.S.C. § 1332 "has long meant something different from 'resident'"); *see also Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013) (explaining that, in a removed action, jurisdiction depends upon a party's citizenship "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court").

remanding of this action to Missouri Circuit Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sassy Trucking, LLC shall file an Amended Notice of Removal establishing this Court's subject matter jurisdiction no later than **October 19, 2023**. Failure to do so will result in the remanding of this action to Missouri Circuit Court.

Dated this 12th day of October 2023.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] The Court recognizes that Defendant Sassy Trucking, LLC has filed its Disclosure Statement, but the Disclosure Statement "does not relieve a party that asserts diversity jurisdiction from the Rule 8(a)(1) obligation to plead the grounds for jurisdiction." *See* 2022 Advisory Committee Notes to Fed. R. Civ. P. 7.1. Nor does the Disclosure Statement provide information on a party's citizenship at the filing of the action in state court. *See Chavez-Lavagnino*, 714 F.3d at 1056.